IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>*Defendants*. | Case No. 24-cv-01702<br><br>HON. RUDOLPH CONTRERAS |

**UNOPPOSED MOTION OF THE OFFICE OF THE UNITED NATIONS HIGH COMMISSIONER FOR REFUGEES FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(o) and the Court's scheduling order (ECF Nos. 10, 22), the Office of the United Nations High Commissioner for Refugees ("UNHCR") respectfully requests leave to file a brief as amicus curiae in support of Plaintiffs in the above-captioned case. This motion is unopposed. In support of its motion, UNHCR states as follows:

1. The Office of the United Nations High Commissioner for Refugees ("UNHCR") is the organization entrusted by the United Nations General Assembly with responsibility for providing international protection to refugees. *See* G.A. Res. 428(V), annex, UNHCR Statute ¶ 1 (Dec. 14, 1950). UNHCR has a direct interest in this matter, which requires the Court to consider the lawfulness of a substantial restriction of asylum access under U.S. law. Consistent with UNHCR's role and interest, the U.S. Supreme Court and this Court have recognized that UNHCR provides "significant guidance" in interpreting international refugee law and its incorporation into the domestic law of the United States. *INS v.*

1

*Cardoza-Fonseca*, 480 U.S. 421, 439 n.22 (1987); *Hotel & Rest. Emps. Union, Loc. 25 v. Smith*, 594 F. Supp. 502, 512 (D.D.C 1984) (identifying the UNHCR Handbook as "[t]he basic guide in this area"), *aff'd by an equally divided court*, 846 F.2d 1499 (D.C. Cir. 1988).

2. UNHCR has a mandate to "[p]romot[e] the conclusion and ratification of international conventions for the protection of refugees" and to "supervis[e] their application and propos[e] amendments thereto." UNHCR Statute ¶ 8(a). UNHCR's supervisory role is also expressly provided for in two refugee conventions that apply to the United States: the 1951 Convention Relating to the Status of Refugees ("1951 Convention"), art. 35, July 28, 1951, 19 U.S.T. 6259, 189 U.N.T.S. 150, and the 1967 Protocol Relating to the Status of Refugees ("1967 Protocol"), art. II, Jan. 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267.

3. UNHCR exercises its supervisory responsibility, among other ways, by issuing interpretations of the 1951 Convention, the 1967 Protocol, and other international refugee instruments. It also regularly presents its guidance to national courts, including U.S. federal courts. This authoritative guidance is informed by UNHCR's more than seven decades of experience assisting refugees and supervising the treaty-based system of refugee protection.

4. UNHCR submits this brief out of concern that the Interim Final Rule at issue in this case, Securing the Border, 89 Fed. Reg. 48710 (June 7, 2024), severely restricts access to asylum in contravention of the 1951 Convention and 1967 Protocol. The United States is bound by international treaty obligations related to refugees, including those enshrined in the 1967 Protocol, to which the United States is formally a party, and the 1951 Convention, which is incorporated by reference in the 1967 Protocol. These treaties set out fundamental procedural and substantive refugee rights that parties must uphold, which the United States

incorporated into domestic statutory law in the Refugee Act of 1980. UNHCR has an interest in ensuring that the United States complies with its international treaty obligations, and it respectfully offers its guidance on those obligations, which are directly relevant to the disposition of this case.[1]

5. UNHCR is concerned that the newly implemented Interim Final Rule is at variance with fundamental principles and standards of international refugee and human rights law that are binding on the United States, including the right to seek and enjoy asylum and obligations of non-refoulement. Specifically, the Rule contains a categorical bar on asylum eligibility in violation of these two well-established fundamental principles of international refugee law.

6. Two additional aspects of the Rule further threaten to move the United States out of step with its international obligations. First, departing from the long-established regulatory affirmative obligation of U.S. immigration officials to elicit information from noncitizens to determine whether they have a fear of returning to their country of origin, the Rule shifts the burden to individuals seeking protection to affirmatively "manifest" a fear of return to obtain access to procedures for assessing eligibility for asylum and other forms of protection. Second, the Rule raises the standards that govern the screening process—which is available only if an individual manifests a fear of return. These aspects of the Rule, individually and cumulatively, may lead to the refoulement of large numbers of refugees improperly barred from accessing U.S. asylum procedures and protection.

---

[1] Consistent with its approach in other cases, UNHCR takes no position on the merits of the underlying asylum claims of any Individual Plaintiff or individual whom Organizational Plaintiffs serve.

7. UNHCR's position is not adequately presented by any party. As the organization entrusted by the United Nations General Assembly with providing international protection to refugees, UNHCR is uniquely situated to address international refugee law and its incorporation into the domestic law of the United States. Indeed, the U.S. Supreme Court has recognized UNHCR's role. *Cardoza-Fonseca*, 480 U.S. at 439 n.22.

8. Granting UNHCR's motion for leave to file its amicus brief would not unduly delay the Court's ability to rule on any pending matter. The parties to this action proposed (and later amended), and the Court adopted, a schedule in which motions for leave to file amicus briefs supporting Plaintiffs are due July 29, 2024. ECF No. 10, 22.

9. Counsel for UNHCR contacted counsel for Plaintiffs and Defendants regarding this motion. Plaintiffs consented to the motion. Defendants stated that they consent to an amicus brief that is timely and properly filed.

10. UNHCR's proposed amicus brief is attached as Exhibit A.

11. The submission of this motion does not constitute a waiver, express or implied, of any privilege or immunity that UNHCR and its staff enjoy under applicable international legal instruments and recognized principles of international law. *See* Convention on the Privileges & Immunities of the United Nations, Feb. 13, 1946, 1 U.N.T.S. 15.

For the foregoing reasons, UNHCR respectfully requests that its motion for leave to file the proposed amicus curiae brief be granted.  A proposed order is attached.

Dated:  July 29, 2024                                         Respectfully submitted,

/s/ Amy Mason Saharia
Amy Mason Saharia (D.C. Bar No. 981644)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C. 20024
Telephone: (202) 434-5847
Facsimile: (202) 434-5029
Email: asaharia@wc.com

**CERTIFICATE OF SERVICE**

  I hereby certify that, on July 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record via electronic mail.

              /s/ Amy Mason Saharia
              Amy Mason Saharia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, et al., *Plaintiffs*, v. U.S. DEPARTMENT OF HOMELAND SECURITY, et al., *Defendants*. | Case No. 24-cv-01702 HON. RUDOLPH CONTRERAS |

## [PROPOSED] ORDER

On consideration of the Motion of the Office of the United Nations High Commissioner for Refugees for Leave to File a Brief as Amicus Curiae in Support of Plaintiffs, it is hereby ORDERED that the motion is GRANTED.

Date: _____      _____
                                                                                           Hon. Rudolph Contreras