IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Civil Action No. 1:24-cv-1702-RC |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | )<br>)<br>) |
| *Defendants*. | )<br>) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF DEFENDANTS' OPPOSITION TO TEXAS'S
MOTION TO INTERVENE**

Defendants submit notice of a recent decision in a state-led challenge to the Circumvention of Lawful Pathways Rule (Rule), which supports their arguments that Texas has not shown a legally cognizable injury sufficient to establish Article III standing, necessary for its motion to intervene. *See* Opp. to Mot. to Intervene ("Mot.") (ECF No. 34) at 4-10.

In *Texas v. Mayorkas*, No. 2:23-cv-00024, ECF No. 48, 2024 WL 3679380 (Aug. 5, 2024) (attached hereto as Exhibit A), the United States District Court for the Western District of Texas dismissed the state of Texas's complaint for lack of Article III standing. The complaint challenged the Rule's exception to the presumption of asylum ineligibility for those who preschedule an appointment through the CBP One application to present themselves at a land port of entry, asserting that this appointment exception exceeds statutory authority and is arbitrary and capricious, and that the CBP One app's scheduling function is *ultra vires*. *Texas*, 2024 WL 3679380, at *3. The complaint alleged that Texas is injured because the Rule purportedly incentivized migration and because Defendants purportedly parole the majority of noncitizens who use the CBP One app, and would therefore cause Texas to spend more money on social services for noncitizens—just like the injuries alleged by Texas here in its motion to intervene. *See id.* at

*2-3.

The court held that Texas had not alleged a cognizable injury for purposes of Article III standing. *Id.* at *7. It noted that, although Texas claimed increased healthcare, education, and law enforcement costs from increased numbers of noncitizens in its state, recent Supreme Court cases have "narrowed plaintiffs' standing to challenge federal programs based on indirect, downstream monetary costs such as those Texas claims." *Id.* at *6 (citing *Texas v. Mayorkas (Enforcement Priorities)*, 599 U.S. 670 (2023), and *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024)). In particular, it held that the principles set forth in *Texas (Enforcement Priorities)* apply to Texas's challenge to the Rule. *Texas*, 2024 WL 3679380, at *7. The court explained that "[t]he Rule and its appointment exception do not involve the exercise of coercive power over Texas," and that "[t]he Rule implicates foreign-policy and law-enforcement discretion that Article II entrusts to the Executive Branch." *Id.* at *7 (citing *Texas (Enforcement Priorities)*, 599 U.S. at 678-81). It also noted that Texas's complaint—like the complaint here—"challenges an asylum policy" and therefore falls within no "potential . . . exception" to the *Texas (Enforcement Priorities)* decision. *Texas*, 2024 WL 3679380, at *7 n.11.

Dated: August 15, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Senior Counsel

By: /s/ *Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-5802

Email: erin.t.ryan@usdoj.gov

CHRISTINA P. GREER
BRIAN C. WARD
Senior Litigation Counsels

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>By: */s/ Erin T. Ryan*
>ERIN T. RYAN
>Trial Attorney
>United States Department of Justice
>Civil Division