**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) No. 1:24-cv-01702-RC |
| v. | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) |
| *Defendants.* | ) ) ) ) |

**MOTION FOR EMERGENCY STATUS CONFERENCE AND FOR LEAVE TO FILE
SUPPLEMENTAL BRIEFING IN LIGHT OF PRESIDENT TRUMP'S JANUARY 20
ACTION ENDING CBP ONE**

Plaintiffs write to inform the Court of an action taken by President Trump terminating the use of a smartphone application called CBP One which, under the Rule at issue in this case, became the only way an individual who arrived in the United States at the southern border could retain the right to seek asylum. Today's action not only ends appointments going forward, but cancels all existing appointments without any notice, including those of Individual Plaintiffs in this case, S.O. and her two minor children (*see* Dkt. 57-6), who had appointments set for January 25, 2025.[1]

Given the essential role of CBP One in the functioning of the Rule, Plaintiffs respectfully request (1) an immediate status conference as soon as <u>today</u>, and (2) leave to file supplemental briefing to address the impact of President Trump's action.

---

[1] The termination is set forth on a government website that now states: "Effective January 20, 2025, the functionalities of CBP One™ that previously allowed undocumented aliens to submit advance information and schedule appointments at eight southwest border ports of entry is no longer available, and existing appointments have been cancelled." U.S. Customs & Border Protection, CBP One™ Mobile Application, https://www.cbp.gov/about/mobile-apps-directory/cbpone (visited Jan. 20, 2025). Plaintiffs expect that there will also be a forthcoming Executive Order.

Plaintiffs conferred with government counsel who said they could not provide their position on the motion at this time but intend to file a short response.

Plaintiffs propose the following briefing schedule should the Court grant leave to file.:

Plaintiffs' supplemental brief: Friday, January 24, 2025;

Defendants' opposition: Thursday, January 30, 2025; and

Plaintiffs' reply: Monday, February 3, 2025 (not to exceed five (5) pages).

Additionally, Plaintiffs also respectfully request that the Court schedule argument on the parties' cross motions for summary judgment at its earliest convenience should the Court deem argument necessary in this matter.

Prior to its elimination, the CBP One appointment process allowed 1,450 migrants per day to seek asylum. As a result of the appointment process's elimination, the right to seek asylum at the border no longer exists, no matter how great the danger faced by migrants, including families with children. Consequently, the need for relief from this Court is that much more acute.

As set forth in Plaintiffs' initial summary judgment briefs and their supplemental briefs filed after Defendants finalized the Interim Final Rule, Plaintiffs alleged that the Rule's elimination of the right to seek asylum between ports of entry violated the clear text of 8 U.S.C. § 1158(a)(1) (providing right to apply for asylum "whether or not" one entered at a port of entry). *E.g.*, Pls. MSJ at 9-12, ECF No. 23; Pls. Supp. Br. at 3, ECF No. 59. In defense of that restriction, Defendants claimed that asylum was not categorically barred because those fleeing danger could still seek asylum at a port of entry, albeit only by making an appointment through the CBP One app. *E.g.*, Defs. MSJ Opp. at 30, ECF No. 45-1; Defs. Supp. Opp. at 5, ECF No. 62. But as Plaintiffs explained, the availability of an appointment process at ports of entry could not save the restriction on applying for asylum between ports, both because the CBP One appointment process had

numerous flaws and limited daily slots, and more fundamentally, because those in danger must be permitted to apply for asylum wherever, and however, they enter. *E.g.*, Pls. MSJ at 9-12, 17-18, ECF No. 23; Pls. Supp. Br. at 3, 10-13, ECF No. 59. That debate between the parties is now academic because President Trump has eliminated the CBP One appointment process, thus *completely* shutting down the asylum process at the border. Consequently, the Rule at issue here is now even more indefensible given that migrants no longer have any right to seek asylum, whether at a port or between ports.

In addition, for Individual Plaintiff S.O. and her family, as well as others who have relied on the appointment process and tried to comply with the Rule, their efforts were rendered futile. They have waited in dangerous conditions and in some cases spent much of their life savings waiting for appointments.

Accordingly, Plaintiffs respectfully request that the Court schedule an immediate status conference, permit the parties to file short supplemental briefs on the proposed expedited schedule, and schedule oral argument should it deem argument necessary. In the event that the Court intends to schedule oral argument, Plaintiffs respectfully request that it occur as soon as possible given the mandate in 8 U.S.C. § 1252(e)(3)(D) that courts "expedite to the greatest extent possible" cases involving challenges to the functioning of the expedited removal process.

Dated: January 20, 2025

Respectfully submitted,

/s/ Lindsay C. Harrison

Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat*
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2660
*lgelernt@aclu.org*
*ojadwat@aclu.org*

Lindsay C. Harrison (D.C. Bar #977407)
Mary E. Marshall (D.C. Bar #1739058)
Maura E. Smyles (D.C. Bar #90006775)*
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
T: 202-639-6000
*lharrison@jenner.com*
mmarshall@jenner.com

Morgan Russell*
Katrina Eiland*
Cody Wofsy (D.D.C. Bar No. CA00103)
Spencer Amdur*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
*mrussell@aclu.org*
*keiland@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
T: 202-355-4471
*crowmelissa@uclawsf.edu*

Blaine Bookey*
Center for Gender & Refugee Studies
200 McAllister Street
San Francisco, CA 94102
T: 415-581-8825
*bbookey@uclawsf.edu*

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
*aspitzer@acludc.org*
*smichelman@acludc.org*

Ashley Alcantara Harris*
David A. Donatti*
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288

*msmyles@jenner.com*

Melissa Root*
Andrew L. Osborne*
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
353 N Clark St, Chicago, IL 60654
T: 312-222-9350
*mroot@jenner.com*
*aosborne@jenner.com*

Keren Zwick (D.D.C. Bar. No. IL0055)
Richard Caldarone (D.C. Bar No. 989575)*
Mary Georgevich*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
T: 312-660-1370
*kzwick@immigrantjustice.org*
*rcaldarone@immigrantjustice.org*
mgeorgevich@immigrantjustice.org

Tamara Goodlette (D.C. Bar. No.
TX24117561)
Texas Civil Rights Project
P.O. Box 219
Alamo, Texas 78516
T: 512-474-5073, ext. 207
*tami@texascivilrightsproject.org*

Edith Sangueza*
Center for Gender and Refugee Studies
26 Broadway, 3rd Floor
New York, NY 10004
T: 415-581-8835
*sanguezaedith@uclawsf.edu*

Robert Pauw*
Center for Gender and Refugee Studies
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
*rpauw@ghp-law.net*

TEL: (713) 942-8146
FAX: (713) 942-8966
*aharris@aclutx.org*
*ddonatti@aclutx.org*

*Attorneys for Plaintiffs*

*\*Admitted via certificate of pro bono representation or pro hac vice*