BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
*Senior Litigation Counsel*

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Las Americas Immigrant Advocacy Center, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 1:24-cv-01702 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e).**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................1

    I.    Plaintiffs' motion requests relief they did not seek in the operative complaint....................1

    II.    Plaintiffs do not identify any authority for ordering return in these circumstances ............2

CONCLUSION.....................................................................................................................6

## **TABLE OF AUTHORITIES**

### **Cases**

*Calvetti v. Antcliff*,
  346 F. Supp. 2d 92 (D.D.C. 2004) .................................................................................................. 2

*Colvin v. Caruso*,
  605 F.3d 282 (6th Cir. 2010) ........................................................................................................... 2

*Dennis v. INS*,
  No. 301-cv-279-SRU, 2002 WL 295100 (D. Conn. Feb. 19, 2002) ............................................ 5

*Devose v. Herrington*,
  42 F.3d 470 (8th Cir. 1994) ............................................................................................................. 2

*Firestone v. Firestone*,
  76 F.3d 1205 (D.C. Cir. 1996) ........................................................................................................ 1

*Gill v. Whitford*,
  138 S. Ct. 1916 (2018) ..................................................................................................................... 4

*J.O.P. v. U.S. Dep't of Homeland Sec.*,
  2025 WL 1431263 (4th Cir. May 19, 2025) ................................................................................. 6

*Kiyemba v. Obama*,
  555 F.3d 1022 (D.C. Cir. 2009) .................................................................................................. 3, 4

*Middlebrooks v. Godwin Corp.*,
  722 F. Supp. 2d 82 (D.D.C. 2010) ................................................................................................. 2

*Noem v. Abrego Garcia*,
  145 S. Ct. 1017 (2025) ..................................................................................................................... 6

*Norton v. Southwestern Utah Wilderness All.*,
  542 U.S. 55 (2004) ............................................................................................................................ 3

*Pac. Radiation Oncology v. Quen's Med. Ctr.*,
  810 F.3d 631 (9th Cir. 2015) ........................................................................................................... 2

*Rantesalu v. Cangemi*,
  No. 04-cv-1375, 2004 WL 898584 (D. Minn. Apr. 23, 2004) .................................................... 5

*Singh v. Waters*,
  87 F.3d 346 (9th Cir. 1996) ............................................................................................................. 5

*Ying Fong v. Ashcroft*,
  317 F. Supp. 2d 398 (S.D.N.Y. 2004) ................................................................................... 5

**Statutes**

5 U.S.C. § 706(1) ............................................................................................................................ 3

8 U.S.C. § 1182(d)(5)(A) ................................................................................................................ 3

8 U.S.C. § 1252(e)(3) ...................................................................................................................... 4

8 U.S.C. § 1231(a)(5) ...................................................................................................................... 4

iii

**INTRODUCTION**

Plaintiffs cite Federal Rule of Civil Procedure 59(e) asking this Court to amend its May 9, 2025, Summary Judgment Order, ECF No. 91, but what they really are seeking is an additional mandatory injunction granting relief that is outside the scope of this litigation and not mentioned in their complaint. They want this Court to order Defendants to "return the removed Individual Plaintiffs to the United States." ECF No. 93 at 1 ("Mot."). That relief is inappropriate here and is an attempted end run around this Court's denial of their request for parole. Plaintiffs have not cited any authority for the Court to order return in these circumstances. Nor have Plaintiffs—inadmissible aliens who challenged expedited removal procedures applied to them just after they illegally crossed the border between ports of entry—shown that return is necessary or appropriate to give them full relief.

Plaintiffs thus have not identified any intervening change of controlling law, new evidence, clear error, or manifest injustice to support a Rule 59(e) motion. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The Court should deny Plaintiffs' request to amend the judgment.

**ARGUMENT**

**I.    Plaintiffs' motion requests relief they did not seek in the operative complaint.**

In their motion to amend, Plaintiffs argue that they "fairly presented" their request to return Plaintiffs to the United States in the proposed order to their motion for summary judgment, which asked the Court to order "Defendants to bring back into the United States any Plaintiff who is outside the United States at no expense to the plaintiff, and parole them into the United States for the duration of their removal proceedings." Mot. at 3 (quoting ECF No. 23-3 at 1). As Plaintiffs acknowledge, however, Plaintiffs' Amended Complaint did not seek return in its request for relief.

1

Mot. at 5 n.3; *see* Amend. Compl. Prayer for Relief (requesting that the Court order, "[f]or any Individual Plaintiffs who have been removed prior to the Court's Order, an order paroling those Individual Plaintiffs into the United States for the duration of their removal proceedings so that they may apply for asylum, withholding of removal, and/or CAT protection in the United States").

Plaintiffs note that their Motion for Summary Judgment asked the Court to vacate the Individual Plaintiffs' "negative credible fear determinations and removal orders, and order that Defendants return Plaintiffs who are abroad to the United States," without specifically mentioning parole. Mot. at 3 (citing ECF No. 23 at 45). But given that their proposed order and amended complaint both contemplated that the mechanism for accomplishing that return would be parole, and did not argue for any other mechanism to return these Plaintiffs to the United States, the request in their motion is fairly read as similarly seeking parole into the United States. Plaintiffs did not clearly state anywhere that they were seeking return separate from parole, and in any event, they cannot amend their complaint to raise new claims for relief in their briefs, *cf. Middlebrooks v. Godwin Corp.,* 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), *aff'd,* 424 F. App'x 10 (D.C. Cir. 2011); *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 107 (D.D.C. 2004) (collecting cases), or file a "motion for relief" that is "unrelated" to what they sought in "the underlying complaint," *Pac. Radiation Oncology v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015): *see also Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

**II.    Plaintiffs do not identify any authority for ordering return in these circumstances.**

Even if the Court concludes that Plaintiffs did enough to raise return as a possible form of relief here, Plaintiffs' motion does not identify any basis for an affirmative injunction requiring the government to "return" them into the United States. It is Plaintiffs' burden to identify an affirmative source of authority permitting this Court to order their requested relief, and they do not

2

identify any statute providing that authority. In order to compel an agency to take a specific action—whether under the APA, 5 U.S.C. § 706(1), or under traditional equitable principles—a court must first conclude that "an agency failed to take a discrete agency action that it is required to take." *Norton v. Southwestern Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Under traditional mandamus principles that have been carried forward into the APA, such an affirmative injunction remedy is "normally limited to enforcement of a specific, unequivocal command"—that is, "the ordering of a precise, definite act about which an official has no discretion whatever." *Id.* at 53 (quotation and alterations omitted).

Plaintiffs do not identify any statute that creates a specific, unequivocal duty requiring the government to take affirmative steps to return individuals—even those removed pursuant to a process later held unlawful—to the United States. As the Court correctly noted, while DHS has the authority to parole aliens into the United States in certain circumstances, Congress expressly committed parole determinations to the Secretary's discretion under 8 U.S.C. § 1182(d)(5)(A), and binding D.C. Circuit precedent holds that 8 U.S.C. § 1252(a)(2)(B)(ii) bars courts from reviewing or directing the outcome of such discretionary decisions. *See* ECF No. 92 at 49-51; *Kiyemba v. Obama*, 555 F.3d 1022, 1029 n.14 (D.C. Cir. 2009). Congress's decision to insulate discretionary parole determinations from judicial review underscores Congress's intent to prevent "undue judicial interference with [the Secretary's] lawful discretion." *Norton*, 542 U.S. at 66.

Plaintiffs request an order that effectively grants them the same relief the D.C. Circuit and this Court have held is barred. *See* ECF No. 92 at 49 (correctly holding that this Court "cannot order that the individual Plaintiffs … be paroled into the United States"). That precedent would have no meaning if courts could avoid binding limits on relief simply by giving that relief a different name while directing the same outcome. As this Court correctly noted in denying

3

Plaintiffs' request for parole, the "problem" with Plaintiffs' argument that the Court can grant any relief not specifically barred even in the absence of any affirmative grant of authority is that "it elicits no limiting principle," ECF No. 92 at 50, and is contrary to settled law that the "Judiciary only possess the power Congress gives it," *id*. at 49 (quoting *Kiyemba*, 555 F.3d at 1028). As no "law authorize[s a] district court to order the government to bring petitioners to the United States and release them here," no court may "compel[] the Executive to release them into the United States outside the framework of the immigration laws." *Kiyemba*, 555 F.3d at 1028.

Plaintiffs also fail to show that "return" to the United States is necessary to grant them relief from the challenged policies. While the Court denied their request for parole, it did grant their request to "vacate the individual Plaintiffs' negative credible fear decisions and removal orders" as relief for their claims under 8 U.S.C. § 1252(e)(3). ECF No. 92 at 52. That relief addresses the injuries these Individual Plaintiffs alleged. Vacatur of expedited removal orders provides a remedy because any alien who subsequently enters unlawfully could not be processed for reinstatement of removal, criminally prosecuted for illegal reentry, or found inadmissible for being previously removed based on a vacated order. 8 U.S.C. §§ 1231(a)(5), 1326, 1182(a)(9)(A).

Plaintiffs have not shown that any further relief is necessary and, under settled constitutional and equitable principles, the Court may not issue relief that is broader than necessary to remedy actual harm shown by specific Plaintiffs. *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018). Plaintiffs in this case were not living in the United States but rather were apprehended when seeking to enter the United States and challenged a rule and guidance that applies to aliens arriving between ports of entry at the southern land border. They were thus at the threshold of entry, and the Court's order vacating their removal orders and negative credible fear determinations that were based on the challenged rule and guidance has already returned them to the position they were in

prior to the application of those policies—aliens who are outside, or treated as effectively outside the United States, who may seek entry or admission if they have some basis to do so. None of the challenged policies in this case prevents any of these Plaintiffs from seeking to return to the United States, though as the Court correctly noted, other policies not challenged in this case might bar their entry or admission, ECF No. 92 at 51-52. And vacating the challenged policies here does not bar DHS from placing these individuals in expedited removal again should they return. There has been no finding that these Plaintiffs were wrongfully removed apart from the challenged procedures or that they are entitled to enter the United States. There is thus no basis to argue that Plaintiffs have not received complete relief from the Court's order placing them legally in the same position they were in before the application of the challenged policies. And there is no basis to grant Plaintiffs greater access to the United States than they had prior to being subject to the challenged policies, to the extent Plaintiffs' request for "return" is read as a request to be released into the United States.

Plaintiffs' circumstances are categorically different than the cases they cite in support of their argument that this Court has authority to order return. ECF No. 93 at 6-8. None of the cases Plaintiffs cite were brought under § 1252(e)(3), and all of their cases address aliens who were both in the United States and were removed following some sort of order limiting removal or request to stay their removal. *See Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996) ("removed in violation of the immigration judge's order"); *Rantesalu v. Cangemi*, No. 04-cv-1375, 2004 WL 898584, at *4 (D. Minn. Apr. 23, 2004) (removed despite pending stay request); *Ying Fong v. Ashcroft*, 317 F. Supp. 2d 398, 402 (S.D.N.Y. 2004) (removed in violation of regulation barring removal for a certain time period); *Dennis v. INS*, No. 301-cv-279-SRU, 2002 WL 295100, at *1 (D. Conn. Feb. 19, 2002) (removed in violation of agreement to provide advance notice to the court before

5

removal); *D.V.D. v. DHS*, No. 1:25-cv-10676-BEM, ECF No. 132 at 2 (D. Mass. May 28, 2025) (noting plaintiff was removed in error without required notice and opportunity to raise a fear claim); *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (noting plaintiff had been "improperly" removed); *J.O.P. v. U.S. Dep't of Homeland Sec.*, 2025 WL 1431263, at *1 (4th Cir. May 19, 2025) (addressing removal that plaintiff argued violated class settlement agreement). Whatever merit such arguments might have in those circumstances, they do not apply here where there was no bar to Plaintiffs' removal at the time they were removed.

## CONCLUSION

The Court should deny the motion to amend.

Dated: June 13, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

<u>/s/ *Brian C. Ward*</u>
BRIAN C. WARD
*Acting Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
*Senior Litigation Counsel*

*Counsel for Defendants*

7

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 13, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                          */s/ Brian C. Ward*
                                                          BRIAN C. WARD
                                                          United States Department of Justice