**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, *et al.*, | : | | |
| | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 24-1702 (RC) |
| | : | | |
| v. | : | Re Document No.: | 93 |
| | : | | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | | |
| | : | | |
| | : | | |
| Defendants. | : | | |

<u>**MEMORANDUM OPINION**</u>

DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

## I. INTRODUCTION

In 2024, the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ") jointly issued a rule that, among other things, limited the availability of asylum. Two immigrant advocacy groups and twenty-eight individual asylum-seekers (collectively, "Plaintiffs") filed this lawsuit challenging various aspects of the Rule and related DHS guidance. On May 9, 2025, this Court held unlawful and set aside parts of the rule and guidance. The Court also vacated the individual Plaintiffs' negative credible fear determinations and removal orders.

Before the Court is Plaintiffs' motion for reconsideration under Federal Rule of Civil Procedure 59(e). They ask that the Court amend its summary judgment order to require the government to return the individual Plaintiffs to the United States. For the reasons discussed below, their motion is denied.

## II.  BACKGROUND

The Court presumes familiarity with the legal and procedural background, which are described in the Court's summary judgment opinion.  *See Las Americas Immigrant Advoc. Ctr. v. Dep't Homeland Sec.* ("*Las Americas I*"), __ F. Supp. 3d. ___, 2025 WL 1403811 (D.D.C. May 9, 2025).  What follows is an overview.

On June 12, 2024, Las Americas Immigrant Advocacy Center ("Las Americas") and Refugee and Immigrant Center for Education and Legal Services ("RAICES") (together, "Plaintiff organizations") brought this lawsuit against DHS; DOJ; U.S. Citizenship and Immigration Services ("USCIS"); Customs and Border Patrol ("CBP"); U.S. Immigrations and Customs Enforcement ("ICE"); the Executive Office of Immigration Review ("EOIR"); Kristi Noem, Secretary of DHS; Joseph Edlow, Director of USCIS; Rodney Scott, Commissioner for CBP; Todd Lyons, Acting Director of ICE;  Pamela Bondi, Attorney General; and Sirce E. Owen, Acting Director of the EOIR (collectively, "Defendants").  Compl., ECF No. 1.  They challenged (1) an interim final rule, jointly issued by DHS and DOJ, that generally limited asylum eligibility and (2) DHS's implementing guidance.  *See generally id.*; Securing the Border, 89 Fed. Reg. 48710 (June 7, 2024) ("Interim Final Rule"); DHS, *Implementation Guidance for Noncitizens Described in Presidential Proclamation of June 3, 2024,* Securing the Border*, and Interim Final Rule,* Securing the Border (2024), available at https://bit.ly/3WDYeZ8 ("Guidance").  One month later, they filed an amended complaint adding as plaintiffs eleven noncitizens whose claims for protection were rejected under the Interim Final Rule.  First Am. Compl., ECF No. 14.  After summary judgment briefing concluded, DHS and DOJ issued a final rule that was, for purposes of this litigation, materially indistinguishable from the Interim Final

Rule.[1]  Securing the Border, 89 Fed. Reg. 81156 (Oct. 7, 2024) ("Final Rule").  Plaintiff organizations and the eleven original noncitizen plaintiffs then filed a second amended complaint challenging the final rule.  Second Am. Compl., ECF No. 56.  That complaint added seventeen individual plaintiffs whose claims for asylum were rejected under the Final Rule.  *Id.*

The individual Plaintiffs had all crossed into the United States at the southern border seeking asylum, statutory withholding of removal, or Convention Against Torture protection.  *See id.* ¶¶ 11–33.  Each was automatically subject to expedited removal.  *See Make the Rd. N.Y. v. Wolf*, 962 F.3d 612, 618 (D.C. Cir. 2020); 8 U.S.C. § 1225(b)(1).  Some of the individual Plaintiffs were removed without a credible fear interview.  *See* Decls. of Individual Pls.' D.G., E.R., P.S., D.C., S.O., J.N., E.C., J.E., R.C., and M.F., ECF Nos. 15-1, 15-2, 15-3, 15-4, 57-6, 57-7, 57-8, 57-9, 57-10, and 57-11.  Others were removed after an asylum officer conducted a credible fear interview and concluded that the Plaintiff was ineligible for protection.  *See* Decls. of Individual Pls.' A.E., E.D., T.R., S.G., J.C., J.R., L.B., J.G., E.M., R.R., and L.Q., ECF Nos. 15-5, 15-6, 15-7, 15-8, 15-9, 15-10, 57-1, 57-2, 57-3, 57-4, and 57-5.

For relief, Plaintiffs requested vacatur of the Rule and Guidance; a declaratory judgment finding the Rule, Guidance, and Interim Final Rule contrary to law and arbitrary and capricious; an order "vacating the removal orders issued to each of the Individual Plaintiffs"; attorneys' fees and expenses, and, as relevant here:

> For any individual Plaintiffs who have been removed prior to the Court's Order, an order paroling those Individual Plaintiffs into the United States for the duration of their removal proceedings so they may apply for asylum, withholding of removal, and/or [Convention Against Torture] protection in the United States.

---

[1] The Court refers to the Interim Final Rule and Final Rule together as "the Rule."  *See Las Americas I*, 2025 WL 1403811 at *3 n.3.

Second Am. Compl. at 38.  The Court ultimately vacated the Guidance and parts of the Rule. *See Las Americas I*, 2025 WL 1403811, at *20–24.  For the individual Plaintiffs, the Court vacated their negative credible fear determinations and removal orders.  *Id.* at *22–24.  But the Court determined that it did not have the authority to order the government to parole them into United States from abroad.  *Id.*

Now Plaintiffs have moved for reconsideration of the Court's order under Rule 59(e). They argue that in addition to seeking parole, they separately requested an order requiring Defendants to return the individual Plaintiffs to the United States.  Pls.' Mot. Alter or Amend J. Pursuant to Fed. R. Civ. P. 59(e) ("Mot. Recons."), ECF No. 93.  The government filed a response in opposition and Plaintiffs filed a reply.  Defs.' Resp. Pls.' Mot. Alter or Amend J. Pursuant to Fed. R. Civ. P. 59(e) ("Defs.' Opp'n"), ECF No. 95; Pls.' Reply Supp. Mot. Alter or Amend J. Pursuant to Fed. R. Civ. P. 59(e) ("Pls.' Reply"), ECF No. 96.  The motion for reconsideration is thus ripe for review.

### III.  LEGAL STANDARD

To prevail on a motion for reconsideration under Rule 59(e), the moving party must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation omitted); Fed. R. Civ. P. 59(e).  "Rule 59(e) does not provide a vehicle to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  In other words, "a 'Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled.'"  *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (quotation omitted).

Motions for reconsideration are disfavored and are granted only in extraordinary circumstances. *Schoenman*, 857 F. Supp. 2d at 80.

## IV. ANALYSIS

At the outset, the Court must determine whether Plaintiffs sought return as a remedy independent from parole. Plaintiffs acknowledge that their operative complaint did not specifically request return. *See* Pls.' Reply at 4 (labeling the request for return as "additional and different relief that Plaintiffs requested in their summary judgment briefs and proposed order"). But when a complaint seeks "such other and further relief as the Court may deem just and proper," the enumerated requests for relief are "not conclusive" in determining what remedies a court may ultimately award. *PETA, Inc., v. Gittens*, 396 F.3d 416, 420–21 (D.C. Cir. 2005); *see also Chicago & E. I. R. Co. v. Ill. Cent. R. Co.*, 261 F. Supp. 289, 307 (N.D. Ill. 1966) ("A court of equity is not limited by the precise demands of the pleadings, especially when the pleadings contain prayers for such other relief as the court may deem just and appropriate."); Second Am. Compl. at 38 (requesting "[s]uch other and further relief as the Court deems equitable, just, and proper"); 10 Wright & Miller's Federal Practice & Procedure Civil § 2664 (4th ed. 2025) ("[T]he prayer for relief does not determine what relief ultimately will be awarded."). Because Defendants do not claim to be prejudiced by Plaintiffs' request for return, *see* Pls.' Reply at 4, the Court concludes that Plaintiffs could make that request through their summary judgment papers. *See* Mot. Recons. at 3 (citing Pls.' Mot. Summ. J. & Mem. Law Supp. at 45 ("Pls.' Mot. Summ. J."), ECF No. 23; Proposed Order, ECF No. 23-3; Pls.' Opp'n Defs.' Cross-Mot. Summ. J. & Reply Supp. Mot. Summ. J. ("Pls.' Summ. J. Reply") at 44, ECF No. 48; and Pls.' Suppl. Opp'n Defs.' Cross-Mot. Summ. J. & Supp. Reply Supp. Mot. Summ. J. ("Pls.' Suppl. Summ. J. Reply") at 13, ECF No. 65)); *see also* Fed. R. Civ. P. 54(c) (stating that non-default judgments

"should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

It is not obvious that a noncitizen would want to be returned to the U.S. without guaranteed parole.  *See* Mot. Recons. at 4 (describing how DHS recognizes a "distinction between [the] baseline remedy of return itself and the additional benefit of granting parole upon return").  Parole, which is awarded at the discretion of the Secretary of Homeland Security, allows a noncitizen to temporarily remain in the United States while his application for admission is pending.  8 U.S.C. § 1182(d)(5)(A).  A parolee "has 'liberty to roam the country,'" though "the law considers him legally detained at the border within the government's custody until his immigration status is determined."  *Samirah v. O'Connell*, 335 F.3d 545, 547 (7th Cir. 2003) (quoting *Chavez-Rivas v. Olsen*, 207 F. Supp. 2d 326, 328 (D.N.J. 2002)).  If a noncitizen is returned to the United States but is not paroled, the government can immediately detain him. *See* Pls.' Reply Supp. Mot. TRO at 4, ECF No. 76 (acknowledging that the decision to allow a noncitizen to enter the United States "is distinct from the decision whether to detain them at the outset of their asylum process").

Plaintiffs did not clearly articulate that they wanted return independent from parole.  *See* Defs.' Opp'n at 2 ("Plaintiffs did not clearly state anywhere that they were seeking return separate from parole.").  Their proposed summary judgment order asked that the Court order "Defendants to bring back into the United States any Plaintiff who is outside the United States at no expense to the plaintiff, *and* parole them into the United States for the duration of their removal proceeding."  Proposed Order at 1 (emphasis added).  And their summary judgment reply interchangeably cited cases where courts had considered return and cases where courts had considered parole.  Pls.' Summ. J. Reply at 44–45 (citing *Grace v. Whitaker*, 344 F. Supp. 3d 96,

144 (D.D.C. 2018) (ordering defendants to *return* noncitizens to the United States); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 57–58 (D.D.C. 2020) (same); *Kiyemba v. Obama*, 555 F.3d 1022 (D.C. Cir. 2009) (rejecting plaintiffs' claim for *parole*); *Nken v. Holder*, 556 U.S. 418, 435 (2009) (stating in passing that a noncitizen who is removed may "be afforded effective relief by facilitation of their *return*") (emphasis added); *Walters v. Reno*, 145 F.3d 1032, 1050–51 (9th Cir. 1998) (requiring the defendants "to *parole* class members into the United States") (emphasis added); and *Ms. L. v. U.S. Immigr. & Customs Enfor't*, 403 F. Supp. 3d 853 (S.D. Cal. 2019) (ordering *return* pursuant to a settlement agreement between the parties)); *see also id.* at 45 n.24 (discussing *parole* cases).

The Court therefore did not understand the individual Plaintiffs to want return in and of itself. But as Plaintiffs explained in their motion for reconsideration, that was a misunderstanding. *See generally* Mot. Recons. Considering all of their pre-judgment filings, the Court concludes that Plaintiffs did not show an entitlement to return.

Unlike vacatur, which is specifically provided for in the Administrative Procedure Act, *see* 5 U.S.C. § 706(2), return constitutes a form of general equitable relief. *Kiakombua*, 498 F. Supp. 3d at 57 (characterizing return as "injunctive relief"); *see also id.* at 52 ("[T]he Supreme Court has made it abundantly clear that injunctions and vacaturs are distinct remedies, and that the latter is considered substantially less intrusive."). In other words, return requires an injunction, which "is a matter of equitable discretion . . . [that] does not follow from success on the merits as a matter of course." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). A plaintiff seeking a permanent injunction must demonstrate that (1) he has suffered an irreparable injury; (2) remedies available at law, like monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships between the parties warrants equitable

relief; and (4) the injunction is not against the public interest. *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010); *see also eBay Inc v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Where the government is the opposing party, the last two factors merge. *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019).

Nowhere in their pre-judgment filings did Plaintiffs argue that they satisfy the permanent injunction factors. *See* Pls.' Mot. Summ. J. at 44–45 (asking that the Court "order that Defendants return Plaintiffs who are abroad to the United States so that their claims can be processed in accordance with the law" without discussing the permanent injunction factors); Pls.' Summ. J. Reply at 44–45 (same); Pls.' Suppl. Summ. J. Reply at 13 (failing to address the relief sought by individual Plaintiffs); *see also* Mot. TRO & Mem. Law Supp. at 5–8, ECF No. 71 (arguing that the *preliminary* injunction factors were satisfied for three individual Plaintiffs who sought a temporary restraining order). Same with their motion for reconsideration.[2] *See* Mot. Recons. (failing to address the permanent injunction factors); Pls.' Reply (same). Nor have they argued that the four-factor permanent injunction test is for some reason inapplicable.

Plaintiffs repeatedly invoke two cases where courts in this District ordered the government to return unlawfully removed noncitizens: *Kiakombua v. Wolf*, 498 F. Supp. 3d 1 (2020) and *Grace v. Whitaker*, 344 F. Supp. 3d 96 (2018). *E.g.*, Pls.' Mot. Summ. J. at 44–45; Pls.' Summ. J. Reply at 44–45; Mot. Recons. at 3. But those courts did so only after applying the four-factor permanent injunction test. *See Kiakombua*, 498 F. Supp. 3d at 57 (ordering return after concluding that "the instant circumstances satisfy the familiar four-factor test for injunctive

---

[2] Not that Plaintiffs could have raised this argument for the first time in their Rule 59(e) motion. *Schoenman,* 857 F. Supp. 2d at 80 (explaining that a motion for reconsideration cannot be used "to raise arguments . . . that could have been raised prior to the entry of judgment") (internal quotation omitted).

relief"); *Grace*, 344 F. Supp. 3d at 145–46 (holding that the "[p]ermanent [i]njunction [f]actors [r]equire [p]ermanent [i]njunctive [r]elief"); *see also Abrego Garcia v. Noem*, __ F. Supp. 3d ___, No. 8:25-cv-951, 2025 WL 1014261 (D. Md. April 6, 2025) (applying the preliminary injunction factors before ordering the government to facilitate the return of an unlawfully removed noncitizen), *aff'd in relevant part sub. nom.*, 145 S. Ct. 1017, 1018 (2025).  Because Plaintiffs have not even attempted to satisfy those factors, the Court cannot issue an injunction requiring their return.  *See Monsanto Co.*, 561 U.S. at 156 ("[A] plaintiff seeking a permanent injunction *must* satisfy a four-factor test before a court can grant such relief.") (alteration in original) (emphasis added).  Plaintiffs' motion to amend the judgment is therefore denied.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 28, 2025

RUDOLPH CONTRERAS
United States District Judge
